**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Mike Henry,

    Plaintiff,

    v.                                       Case No. 1:08cv279

Time Warner Cable, Inc.,                 Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court upon Defendant's Motion to Dismiss Counts Four, Five, Six, and Eight of Plaintiff's First Amended Complaint. (Doc. 7) Plaintiff has filed a Response in Opposition (Doc. 14) and Defendant has filed a Reply. (Doc. 15)

### I. BACKGROUND

Plaintiff Michael Henry makes the following allegations in his Amended Complaint. In 2005, Defendant Time Warner Cable, Inc., ("Time Warner") promoted Henry to Sales Supervisor. (Doc. 3, ¶ 7) Thereafter, Bryan McAfee, Direct Sales Director for Time Warner, suggested that Henry was having a sexual liaison with a female co-worker. (Id., ¶ 9) McAfee also made degrading remarks about Henry's weight and appearance in front of co-workers. (Id., ¶ 11) Members of management requested loans from Henry and other employees, but Henry was treated differently than other employees who agreed to make a loan. (Id., ¶ 12)

Henry complained to Human Resources about McAfee's suggestion that he was having a sexual liaison, but Henry did not receive a response until five to six weeks later.

(Id. ¶ 9) Time Warner's response to Henry's complaint was minimal. (Id.) Henry also complained on several occasions to Leroy Peyton, Vice President of Human Resources, but Peyton consistently ignored Henry's complaints, and only met with Henry one time. (Id., ¶¶ 13-14) Peyton told Henry that he was overreacting. (Id., ¶ 15)

In June of 2006, Henry left work to go to the hospital. (Id., ¶ 16) Henry was suffering from multiple illnesses due to his work environment. (Id.) On June 27, 2006, Henry took medical leave. (Id., ¶ 18) Ten weeks later, Henry informed Time Warner that he was ready to return to work. (Id., ¶ 19) Henry was informed that he would be contacted with further information, but Time Warner failed to contact him. (Id., ¶¶ 19-20) Instead, Time Warner, without explanation, terminated Henry twelve weeks and one day after his leave began. (Id., ¶ 20)

Henry brings a claim for retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, a claim for discrimination under Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and a claim for retaliation under Title VII of the Civil Rights Act of 1964. Henry also brings state law claims of disability discrimination, retaliation, intentional or reckless infliction of emotional distress, negligent retention, and breach of Ohio public policy. Time Warner's motion seeks to dismiss Henry's claims for retaliation under Title VII and Ohio law, intentional infliction of emotional distress, and violation of public policy. Henry concedes that his public policy claim should be dismissed.

## II.  ANALYSIS

### A.  Motion to Dismiss Standard

Time Warner brings their Motion to Dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Under Rule 12(b)(6), "a plaintiff's obligation is to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct 1955, 1964-65 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly,* at 1964-65 (citations omitted) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### B. Retaliation under Title VII and Ohio law

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The Ohio Supreme Court has held that "federal case law interpreting Title VII of the Civil Rights Act of 1964 is generally applicable to cases involving alleged violations of R.C. Chapter 4112." *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n*, 421 N.E.2d 128, 131 (Ohio 1981).

In order to make out a *prima facie* case of retaliation under Title VII, a plaintiff must establish that: (1) he or she engaged in activity protected by Title VII; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse

employment action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and the adverse employment action or harassment. *Garner v. Cuyahoga County Juvenile Court*, 2009 WL 137227, *13 (6th Cir. Jan. 22, 2009) (slip op.), *citing Morris v. Oldham Fiscal Ct.*, 201 F.3d 784, 792 (6th Cir. 2000).

Time Warner argues that Henry has not alleged that he engaged in a protected activity. Time Warner explains that Henry only made general complaints of unfair treatment, and did not evoke Title VII.

Title VII prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). These two clauses are known as the "opposition clause" and the "participation clause." *Crawford v. Metropolitan Government of Nashville and Davidson County, Tenn.*, 129 S.Ct. 846, 850 (2009). A claim is brought under the opposition clause when it involves opposing a violation of Title VII. *Booker v. Brown & Wiliamson Tobacco Co., Inc.*, 879 F.2d 1304, 1312 (6th Cir. 1989). Types of activity which constitutes opposition includes: "Complaining to anyone (management, unions, other employees, or newspapers) about allegedly unlawful practices; refusing to obey an order because the worker thinks it is unlawful under Title VII; and opposing unlawful acts by persons other than the employer- *e.g.*, former employers, union, and co-workers." *Johnson v. University of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000). In construing the opposition clause, the Sixth Circuit has explained that the challenged activity need not actually violate Title VII. *Id.* at 580. Instead, the plaintiff must only have a

reasonable belief that the defendant has committed an unlawful employment practice. *Id.*; *see e.g., Clark County School District v. Breeden*, 532 U.S. 268 (2001) (holding that no reasonable person could have believed that co-worker's single sexually explicit comment violated Title VII).

Henry alleges that he engaged in protected activity by complaining to Time Warner about unlawful discrimination. (Doc. 3, ¶ 41) Specifically, Henry alleges that he complained about his supervisor's suggestion he was having a sexual liaison, comments about his weight, and requests for loans from his supervisors. These incidents need not be actual violations of Title VII, but Henry must have reasonably believed the conduct violated Title VII. That determination is not to be made at this stage of the litigation. The Court finds that Henry has adequately plead a claim of retaliation under Title VII. *See* Fed. R. Civ. P. 8(a)(2) (explaining that a pleading setting forth a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.") Accordingly, the Court finds that Time Warner is not entitled to dismissal of his retaliation claims under Title VII or Ohio law.

### C. Intentional infliction of emotional distress

Under Ohio law, " '[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.' " *Yeager v. Local Union 20,* 453 N.E.2d 666 (1983), *citing* Restatement (Second) of Torts 77 § 46(1) (1965)). Time Warner argues that Henry has failed to allege any conduct which rises to the level of "extreme and outrageous."

It is well accepted that intentional infliction of emotional distress claims may entirely

appropriately be dealt with on summary judgment or in a motion to dismiss. *Miller v. Currie,* 50 F.3d 373, 377-78 (6th Cir. 1995), *citing Rogers v. Targot Telemarketing Servs*., 591 N.E.2d 1332, 1333, 1336 (1990) (treating plaintiff's allegations that she was falsely promised continued employment with the intention of causing her to detrimentally rely on the assurances as insufficient to qualify as extreme or outrageous); *Baab v. AMR Serv. Corp.*, 811 F.Supp. 1246, 1270 (N.D.Ohio 1993) (stating that co-workers' display of photographs of scantily clad women and plaintiff's receipt of pornographic "sex toys" was not intolerable in a civilized society and therefore not extreme or outrageous). Henry alleges that McAfee was a danger to his emotional and physical well-being, and despite being aware of this, the other managers failed to take action to protect him. (Doc. 3, ¶ 53) The conduct which Henry identifies is McAfee's suggesting that there was a sexual liaison between Henry and a female coworker and making remarks about Henry's weight and appearance. Henry also identifies requests for loans and the slow response and failure to respond to his complaints. The Court finds that this type of conduct is not such that "an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' " *Yeager*, 453 N.E.2d at 671, *quoting* Restatement of the Law 2d, Torts (1965) 71, Section 46, comment d. As the Supreme Court of Ohio has explained:

> The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind.

*Id.* Accordingly, Time Warner is entitled to dismissal of Henry's claim of intentional

emotional distress.

## III. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss Counts Four, Five, Six, and Eight of Plaintiff's First Amended Complaint (Doc. 7) is hereby **GRANTED in PART and DENIED in PART**. Defendant's Motion is **GRANTED** to the extent that is seeks dismissal of Plaintiff's claim for intentional infliction of emotional distress (Count VI) and breach of public policy (Count VIII); and **DENIED** to the extent that it seeks dismissal of Plaintiff's claim for retaliation under Title VII (Count IV) and retaliation under Ohio law (Count V).

**IT IS SO ORDERED.**

                                              */s/ Michael R. Barrett*
                                              Michael R. Barrett, Judge
                                              United States District Court